FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

00 JAN 18 PM 4: 13

JUAN ANTONIO MARTINEZ,

        Plaintiff,

v.

JOHN J. McDOUGALL, SHERIFF
OF LEE COUNTY, FLORIDA, in his
official capacity,
JAMES G. ALLEN, individually, and
in his official capacity,
YVES BUISSERETH, individually, and
in his official capacity,
RANDY COLLMER, individually, and
in his official capacity,
JEFF TAYLOR, individually, and in
his official capacity,

        Defendants.

_____/

CASE NO. 2:00-CV-24-FTH-25D

COMPLAINT AND
JURY DEMAND

## PARTIES

1.    The plaintiff, JUAN ANTONIO MARTINEZ ("MARTINEZ"), is an individual, sui juris, residing in Lee County, Florida.

2.    The defendant, JOHN J. McDOUGALL ("McDOUGALL"), was the Sheriff of Lee County, Florida, and a constitutional officer of the State of Florida, at all times relevant.

3.    The defendant, JAMES G. ALLEN ("ALLEN"), is an individual, sui juris, residing in Lee County, Florida at all times relevant.

4.   The defendant, YVES BUISSERETH ("BUISSERETH"), is an individual, sui juris, residing in Lee County, Florida at all times relevant.

5.   The defendant, RANDY COLLMER ("COLLMER"), is an individual, sui juris, residing in Lee County, Florida at all times relevant.

6.   The defendant, JEFF TAYLOR ("TAYLOR"), is an individual, sui juris, residing in Lee County, Florida at all times relevant.

## JURISDICTION AND VENUE

7.   Jurisdiction for this action vests pursuant to 28 U.S.C. §§ 1331 and 1334(a)(4), based upon claims brought under 42 U.S.C. §§ 1983 and 1988, for violations of MARTINEZ's civil rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9, 12, and 23 of the Florida Constitution, and the District Court's pendent jurisdiction over the state claims alleged, which arise out of the same operative facts and circumstances.

8.   Venue lies pursuant to 28 U.S.C. § 1391(b) in that the defendants reside in the judicial district and the cause of action accrued in the judicial district.

## GENERAL ALLEGATIONS

9.   ALLEN was appointed as a deputy sheriff by McDOUGALL at all times relevant.

10.  BUISSERETH was appointed as a deputy sheriff by McDOUGALL at all times relevant.

11.  COLLMER was appointed as a deputy sheriff by McDOUGALL at all times relevant.

12.    TAYLOR was appointed as a deputy sheriff by McDOUGALL at all times relevant.

13.    Vincent Rodriguez ("Rodriguez") is MARTINEZ's half-brother.

14.    Rodriguez served as a bodyguard for Noe Guerrero ("Guerrero").

15.    Guerrero was a known drug dealer.

16.    On or about January 17, 1996, Guerrero was found dead in Lehigh Acres, Lee County, Florida.

17.    Thereafter, on January 17, 1996, Rodriguez met with MARTINEZ and discussed Guerrero's death.

18.    Following the meeting with Rodriguez, on January 17, 1996, MARTINEZ contacted McDOUGALL's employees, agents, or servants and advised them that he had information regarding Guerrero's death.

19.    On January 17, 1996, MARTINEZ agreed to meet with McDOUGALL's employees, agents, or servants at the Fort Myers Police Department ("FMPD").

20.    At all times relevant, MARTINEZ was the owner of a maroon, 1995, Grand Am Pontiac, VIN #1G2NE15M4SC744618, Florida Tag No. KYP-48L ("Vehicle").

21.    On January 17, 1996, MARTINEZ drove the Vehicle to the FMPD to meet with McDOUGALL's employees, agents, or servants and legally parked the Vehicle in a parking lot.

22.    On or about January 17, 1996, McDOUGALL's employees, agents, or servants seized the Vehicle from the FMPD parking lot and placed into the Lee County Sheriff's impound lot at 2501 Ortiz Avenue, in Lee County, Florida.

23. On or about January 17, 1996, when the Vehicle was seized, no law enforcement officer had a search warrant authorizing the seizure of the Vehicle.

24. On or about January 17, 1996, when the Vehicle was seized, no law enforcement officer seized the Vehicle incident to an arrest, lawful or otherwise.

25. On or about January 17, 1998, McDOUGALL, by and through his agents, servants, or employees, converted to his own use the Vehicle that was then the property of MARTINEZ with the value of $15,000.00.

26. As a result of the conversion MARTINEZ sustained damages.

27. McDOUGALL either knew or should have known that a search warrant was required before seizing the Vehicle.

28. ALLEN either knew or should have known that a search warrant was required before seizing the Vehicle.

29. BUISSERETH either knew or should have known that a search warrant was required before seizing the Vehicle.

30. TAYLOR either knew or should have known that a search warrant was required before seizing the Vehicle.

31. As a result of the seizure of the Vehicle, MARTINEZ was deprived of the use of his Vehicle.

32. On January 17, 1996, ALLEN told MARTINEZ that Rodriguez had murdered Guerrero.

33. On January 17, 1996, BUISSERETH asked MARTINEZ whether MARTINEZ wanted to go to jail for Rodriguez's murder of Guerrero.

34. On January 18, 1996, BUISSERETH was searching for, among other things, the clothing RODRIGUEZ was wearing on the night Guerrero was killed. BUISSERETH prepared and filed an affidavit for a search warrant with Lee County Judge Edward Volz, Jr., in which BUISSERETH asserted that there was probable cause to believe Rodriguez had murdered Guerrero.

35. On January 18, 1996, BUISSERETH prepared and filed another affidavit for a search warrant with Judge Volz, in which BUISSERETH asserted that there was probable cause to believe that Rodriguez had murdered Guerrero.

36. On January 30, 1996, BUISSERETH prepared and filed an affidavit for a search warrant with Lee County Judge G. Keith Cary, in which BUISSERETH asserted that there was probable cause to believe "Juan Rodriguez" had murdered Guerrero.

37. On February 11, 1996, BUISSERETH prepared and filed an affidavit for a search warrant with Lee County Judge James A. Adams, in which BUISSERETH asserted that there was probable cause to believe Rodriguez had murdered Guerrero.

38. On February 11, 1996, the Vehicle was returned to MARTINEZ.

39. An agent, servant, or employee of the Sheriff's Department made the following statement as a statement of fact: Juan Martinez is a criminal and a drug dealer and has been in trouble with the law before.

40. McDOUGALL, by and through his agents, servants, or employees, made the following statement as a statement of fact: Juan Martinez is a criminal and a drug dealer and has been in trouble with the law before.

41.  McDOUGALL, by and through his agents, servants, or employees, publicized information about MARTINEZ that placed MARTINEZ in a false light before the public.

42.  The statement was made in an effort to invade MARTINEZ's right of privacy.

43.  McDOUGALL and his agents either knew or should have known that MARTINEZ was entitled to his right of privacy.

44.  The information was false.

45.  The false light in which MARTINEZ was placed would be highly offensive to a reasonable person.

46.  McDOUGALL and his agents either knew or acted in reckless disregard of the falsity of the publicized matter and the false light in which MARTINEZ was placed.

47.  As a result of the publication, MARTINEZ has been damaged.

48.  On or about January 24, 1996, January 31, 1996, February 16, 1996, and March 10, 1996, McDOUGALL's employees, agents or servants sent various items to the Florida Department of Law Enforcement ("FDLE") for analysis.

49.  By March 20, 1996, FDLE submitted reports of all of its findings to McDOUGALL.

50.  On April 11, 1996, BUISSERETH arrested MARTINEZ and charged him with first degree murder, felony murder, and robbery with a firearm.

51.  On April 11, 1996, McDOUGALL unlawfully detained MARTINEZ and deprived MARTINEZ of his liberty against MARTINEZ's will.

52. On April 11, 1996, ALLEN unlawfully detained MARTINEZ and deprived MARTINEZ of his liberty against MARTINEZ's will.

53. On April 11, 1996, BUISSERETH unlawfully detained MARTINEZ and deprived MARTINEZ of his liberty against MARTINEZ's will.

54. The detention of MARTINEZ was unreasonable and not warranted by the circumstances.

55. The detention of MARTINEZ was intentional.

56. On April 11, 1996, McDOUGALL intended to restrain MARTINEZ.

57. On April 11, 1996, McDOUGALL restrained MARTINEZ.

58. On April 11, 1996, ALLEN intended to restrain MARTINEZ.

59. On April 11, 1996, ALLEN restrained MARTINEZ.

60. On April 11, 1996, BUISSERETH intended to restrain MARTINEZ.

61. On April 11, 1996, BUISSERETH restrained MARTINEZ.

62. The restraint of MARTINEZ was complete.

63. MARTINEZ was restrained against his will.

64. On April 11, 1996, a criminal action was brought against MARTINEZ.

65. ALLEN brought or caused the criminal action to be continued against MARTINEZ.

66. BUISSERETH brought or caused the criminal action to be continued against MARTINEZ.

67. COLLMER brought or caused the criminal action to be continued against MARTINEZ.

68.   TAYLOR brought or caused the criminal action to be continued against MARTINEZ.

69.   On May 16, 1996, June 11, 1996, and November 18, 1996, the criminal action terminated in favor of MARTINEZ.

70.   The criminal action was brought without probable cause.

71.   The criminal action was instituted with malice.

72.   MARTINEZ sustained damages as a result of the criminal action.

73.   On April 15, 1996, J. Michael Hussey & Associates was retained to represent MARTINEZ for the criminal charges filed against MARTINEZ.

74.   On April 16, 1996, McDOUGALL's employees, agents, or servants added a charge of driving on a suspended license against MARTINEZ, based upon an outstanding warrant in Glades County for another person named Juan Martinez.

75.   On April 16, 1996, BUISSERETH told Pedro Reyes ("Reyes") that BUISSERETH knew Rodriguez had killed Guerrero.

76.   On April 16, 1996, BUISSERETH told Reyes that BUISSERETH knew Rodriguez picked up MARTINEZ after Guerrero had already been killed by Rodriguez.

77.   On April 16, 1996, COLLMER told Reyes that COLLMER knew Rodriguez had executed Guerrero.

78.   On April 22, 1996, BUISSERETH prepared and filed an affidavit for a search of MARTINEZ's body with Judge Cary, in which BUISSERETH stated the purpose for taking the samples was to submit to FDLE for comparison and analysis.

79. In the affidavit for a search warrant submitted to Judge Cary on April 22, 1996, BUISSERETH correctly described MARTINEZ as follows:

     (a) Juan Antonio Martinez
     (b) Hispanic
     (c) Male
     (d) Born August 14, 1971
     (e) Approximately 5'7"
     (f) Approximately 155 pounds
     (g) Black hair
     (h) Brown eyes
     (i) SSN 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
     (j) FL Drivers License M635421712940

80. BUISSERETH knew at the time he submitted the affidavit for a search warrant to Judge Cary that the samples requested from MARTINEZ could not be compared with any of the items analyzed by FDLE that would have any relevant evidentiary value.

81. On April 22, 1996, McDOUGALL's employees, agents, or servants, threatened to touch MARTINEZ in an offensive manner by removing hairs from his head.

82. On April 22, 1996, McDOUGALL's employees, agents, or servants, threatened to touch MARTINEZ in an offensive manner by removing blood from his arm.

83. On April 22, 1996, McDOUGALL's employees, agents, or servants, threatened to touch MARTINEZ in an offensive manner by removing pubic hairs from his body.

84. On April 22, 1996, McDOUGALL's employees, agents, or servants, threatened to touch MARTINEZ in an offensive manner by inserting a swab in his throat.

85. On April 22, 1996, McDOUGALL had one or more employees, agents, or servants standing by with forceps to forcefully retrieve hair from MARTINEZ.

86. On April 22, 1996, McDOUGALL had one or more employees, agents, or servants standing by with a needle, ligature, and vacuum tube to forcefully retrieve blood from MARTINEZ.

87. On April 22, 1996, McDOUGALL had one or more employees, agents, or servants standing by with a cotton swab to forcefully retrieve saliva from MARTINEZ.

88. On April 22, 1996, MARTINEZ objected to being touched by McDOUGALL's employees, agents, or servants.

89. On April 22, 1996, MARTINEZ was in imminent fear of the touching by McDOUGALL's employees, agents, or servants.

90. On April 22, 1996, McDOUGALL's employees, agents, or servants removed hairs from MARTINEZ's head.

91. On April 22, 1996, McDOUGALL's employees, agents, or servants removed blood from MARTINEZ's arm.

92. On April 22, 1996, McDOUGALL's employees, agents, or servants removed pubic hairs from MARTINEZ's body.

93. On April 22, 1996, McDOUGALL's employees, agents, or servants inserted a swab in MARTINEZ's throat.

94. The touching of MARTINEZ by McDOUGALL's employees, agents, or servants was intentional.

95. The touching of MARTINEZ by McDOUGALL's employees, agents, or servants was unlawful.

96. On April 22, 1996, McDOUGALL, by and through his agents, servants, or employees, intended to touch MARTINEZ.

97. On April 22, 1996, McDOUGALL, by and through his agents, servants, or employees, actually touched MARTINEZ.

98. The touching of MARTINEZ by McDOUGALL, by and through his agents, servants, or employees, was harmful or offensive.

99. As a result of the touching by McDOUGALL's employees, agents, or servants, MARTINEZ sustained injuries.

100. None of the samples taken from MARTINEZ on April 22, 1996 have ever been submitted to FDLE for analysis.

101. Prior to May 9, 1996, MARTINEZ told McDOUGALL's agents, servants, or employees that MARTINEZ was threatened with physical violence by others at the jail.

102. Prior to May 9, 1996, MARTINEZ requested to be transferred to another area of the jail for his protection.

103. McDOUGALL did not transfer nor protect MARTINEZ from physical violence.

104. On May 9, 1996, MARTINEZ was assaulted and battered in jail.

105. On May 15, 1996, a Lee County Grand Jury met to consider the charges of first degree murder, felony murder, and armed robbery against MARTINEZ. After reviewing the evidence presented, the Grand Jury issued a "No True Bill" and Twentieth Judicial Circuit Judge William Nelson ordered the immediate release of MARTINEZ.

106. McDOUGALL did not release MARTINEZ.

107. On May 16, 1996, instead of releasing MARTINEZ, McDOUGALL's employees, agents, or servants restrained MARTINEZ against his will for the driving on a suspended license charge, based upon an outstanding warrant in Glades County.

108. McDOUGALL's employees, agents, or servants knew, or should have known, from the information in the Glades County warrant or ticket that the person listed was not the same person as MARTINEZ.

109. On May 16, 1996, McDOUGALL unlawfully detained MARTINEZ and deprived MARTINEZ of his liberty against MARTINEZ's will.

110. On May 16, 1996, McDOUGALL intended to restrain MARTINEZ.

111. On May 16, 1996, McDOUGALL restrained MARTINEZ.

112. On May 29, 1996, the charges from Glades County against MARTINEZ were dismissed because MARTINEZ was not the person against whom the warrant or ticket was issued.

113. On June 11, 1996, Judge William C. Nelson found no probable cause for the criminal charges of first-degree murder, felony murder, and robbery with a firearm against MARTINEZ.

114. On November 18, 1996, Judge Nelson entered an Order dismissing all the criminal charges against MARTINEZ.

115. As a result of the arrest of MARTINEZ for first degree murder, felony murder, and robbery with a firearm, MARTINEZ sustained damages.

116. As a result of the arrest of MARTINEZ for the Glades County warrant, MARTINEZ sustained damages.

117. At all times relevant, ALLEN was acting within the course and scope of his employment as a deputy Sheriff.

118. At all times relevant, BUISSERETH was acting within the course and scope of his employment as a deputy Sheriff.

119. At all times relevant, COLLMER was acting within the course and scope of his employment as a deputy Sheriff.

120. At all times relevant, TAYLOR was acting within the course and scope of his employment as a deputy Sheriff.

121. McDOUGALL is responsible for the acts of his deputies which are committed within the course and scope of their employment.

122. ALLEN acted in bad faith, or with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

123. BUISSERETH acted in bad faith, or with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

124. COLLMER acted in bad faith, or with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

125. TAYLOR acted in bad faith, or with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

126. McDOUGALL's acts were done under the color of law.

127. ALLEN's acts were done under the color of law.

128. BUISSERETH's acts were done under the color of law.

129. COLLMER's acts were done under the color of law.

130. TAYLOR's acts were done under the color of law.

131. ALLEN's conduct was extreme and outrageous.

132. BUISSERETH's conduct was extreme and outrageous.

133. COLLMER's conduct was extreme and outrageous.

134. TAYLOR's conduct was extreme and outrageous.

135. ALLEN's conduct was intentional or reckless, in that the behavior was intended to cause distress or that Allen knew or should have known that such distress would follow.

136. BUISSERETH's conduct was intentional or reckless, in that the behavior was intended to cause distress or that BUISSERETH knew or should have known that such distress would follow.

137. COLLMER's conduct was intentional or reckless, in that the behavior was intended to cause distress or that COLLMER knew or should have known that such distress would follow.

138. TAYLOR's conduct was intentional or reckless, in that the behavior was intended to cause distress or that TAYLOR knew or should have known that such distress would follow.

139. ALLEN's conduct caused MARTINEZ's emotional distress.

140. BUISSERETH's conduct caused MARTINEZ's emotional distress.

141. COLLMER's conduct caused MARTINEZ's emotional distress.

142. TAYLOR's conduct caused MARTINEZ's emotional distress.

143. MARTINEZ suffered emotional distress.

144. MARTINEZ had an advantageous business relationship with his employer under which MARTINEZ had legal rights.

145.    McDOUGALL knew of the relationship between MARTINEZ and his employer.

146.    ALLEN knew of the relationship between MARTINEZ and his employer.

147.    BUISSERETH knew of the relationship between MARTINEZ and his employer.

148.    McDOUGALL intentionally and unjustifiably interfered with the relationship between MARTINEZ and MARTINEZ's employer.

149.    ALLEN intentionally and unjustifiably interfered with the relationship between MARTINEZ and MARTINEZ's employer.

150.    BUISSERETH intentionally and unjustifiably interfered with the relationship between MARTINEZ and MARTINEZ's employer.

151.    MARTINEZ suffered damages as a result of the tortious interference with the relationship.

152.    Agents, servants, or employees of the Sheriff's Department conspired with other agents, servants, or employees of the Sheriff's Department.

153.    ALLEN conspired with other members of the Sheriff's Department.

154.    BUISSERETH conspired with other members of the Sheriff's Department.

155.    COLLMER conspired with other members of the Sheriff's Department.

156.    TAYLOR conspired with other members of the Sheriff's Department.

157.    The goal of the conspiracy was to unlawfully seize MARTINEZ's Vehicle.

158.    The goal of the conspiracy was to convert MARTINEZ's Vehicle.

159.    On January 17, 1996, MARTINEZ's Vehicle was converted.

160.    The goal of the conspiracy was to trespass upon MARTINEZ's Vehicle.

161.    On January 17, 1996, MARTINEZ's Vehicle was trespassed upon.

162.    The goal of the conspiracy was to invade MARTINEZ's right of privacy.

163.  MARTINEZ's right of privacy was invaded.

164.  The goal of the conspiracy was to falsely arrest MARTINEZ.

165.  On April 11, 1996, MARTINEZ was falsely arrested.

166.  On May 16, 1996, MARTINEZ was falsely arrested.

167.  The goal of the conspiracy was to falsely imprison MARTINEZ.

168.  On April 11, 1996, MARTINEZ was falsely imprisoned.

169.  On May 16, 1996, MARTINEZ was falsely imprisoned.

170.  The goal of the conspiracy was to maliciously prosecute MARTINEZ.

171.  On April 11, 1996, MARTINEZ was maliciously prosecuted.

172.  On May 16, 1996, MARTINEZ was maliciously prosecuted.

173.  The goal of the conspiracy was to interfere with MARTINEZ's profession.

174.  MARTINEZ's profession was interfered with.

175.  The goal of the conspiracy was to cause MARTINEZ emotional distress.

176.  MARTINEZ suffered emotional distress.

177.  As a result of the conspiracy, MARTINEZ sustained damages.

178.  Amendment IV of the United States Constitution prohibits unreasonable searches and seizures of persons and property.

179.  Article I, Section 12 of the Florida Constitution prohibits unreasonable searches and seizures of persons and property.

180.  Amendment V of the United States Constitution prohibits the seizure or taking of property without due process of law or just compensation.

181.  Article I, Section 9 of the Florida Constitution prohibits the seizure or taking of property without the due process of law.

182.    Amendment IX of the United States Constitution preserves the right of privacy to persons.

183.    Article I, Section 23 of the Florida Constitution preserves the right of privacy to persons.

184.    The law regarding improper searches and seizures of persons and property was clearly established prior to the seizure of the Vehicle and arrest of MARTINEZ.

185.    The law regarding the taking of property was clearly established prior to the taking of the Vehicle.

186.    The law regarding a person's right to privacy was clearly established prior to the arrest of MARTINEZ.

187.    The seizure or taking of the Vehicle deprived MARTINEZ of his constitutional rights under federal law.

188.    The seizure or taking of the Vehicle deprived MARTINEZ of his constitutional rights under state law.

189.    The invasion of MARTINEZ's privacy was a violation of MARTINEZ's constitutional rights under federal law.

190.    The invasion of MARTINEZ's privacy was a violation of MARTINEZ's constitutional rights under state law.

191.    The unlawful detention of MARTINEZ deprived MARTINEZ of his constitutional rights under federal law.

192.    The unlawful detention of MARTINEZ deprived MARTINEZ of his constitutional rights under state law.

193. The unlawful restraint of MARTINEZ deprived MARTINEZ of his constitutional rights under federal law.

194. The unlawful restraint of MARTINEZ deprived MARTINEZ of his constitutional rights under state law.

195. The search of MARTINEZ's body deprived MARTINEZ of his constitutional rights under federal law.

196. The search of MARTINEZ's body deprived MARTINEZ of his constitutional rights under state law.

197. As a result of the deprivation of MARTINEZ's constitutional rights, MARTINEZ was deprived of his civil rights under 42 U.S.C. § 1983.

198. The violation of MARTINEZ's rights under the Constitution of the State of Florida was a violation of MARTINEZ's constitutional rights under the Fourteenth Amendment of the United States Constitution.

199. As a result of the deprivation of his civil rights, MARTINEZ has sustained damages.

200. McDOUGALL failed to adequately train his law enforcement officers, agents, or servants on the requirements to lawfully search and seize persons and to search and seize or take property.

201. McDOUGALL has a custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants, unlawful search and seizure of persons and search and seizure or taking of property.

202. McDOUGALL failed to train his law enforcement officers, agents, or servants on the right of privacy guaranteed by the constitution.

203.    McDOUGALL had a custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants invading the privacy of persons in Lee County.

204.    McDOUGALL's failure to train his law enforcement officers, agents, or servants regarding the requirements to lawfully seize or take property was the moving force behind the seizure or taking of the Vehicle.

205.    McDOUGALL's custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants seizure or taking of property without a search warrant, nor incident to a lawful arrest, was the moving force behind the seizure or taking of the Vehicle.

206.    McDOUGALL's failure to train his law enforcement officers, agents, or servants on the right of privacy guaranteed by the constitution was the moving force behind the invasion of MARTINEZ's privacy.

207.    McDOUGALL's custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants to invade the privacy of persons in Lee County was the moving force behind the invasion of MARTINEZ's privacy.

208.    McDOUGALL's failure to train his law enforcement officers, agents, or servants regarding the requirements to lawfully seize persons was the moving force behind the unlawful detention of MARTINEZ.

209.    McDOUGALL's custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants unlawful seizure of persons was the moving force behind the unlawful detention of MARTINEZ.

210.  McDOUGALL's failure to train his law enforcement officers, agents, or servants regarding the requirements to lawfully seize persons was the moving force behind the unlawful imprisonment of MARTINEZ.

211.  McDOUGALL's custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants unlawful seizure of persons was the moving force behind the unlawful imprisonment of MARTINEZ.

212.  McDOUGALL's failure to train his law enforcement officers, agents, or servants regarding the requirements to lawfully search persons was the moving force behind the unlawful search of MARTINEZ's body.

213.  McDOUGALL's custom or policy of allowing or being deliberately indifferent to his law enforcement officers, agents, or servants unlawful search of persons and property was the moving force behind the unlawful search of MARTINEZ's body.

214.  In failing to adequately train and supervise subordinates on the requirements to lawfully search and seize persons and search and seize or take property, McDOUGALL was deliberately indifferent.

215.  In failing to adequately train and supervise subordinates on the right of privacy guaranteed by the constitution, McDOUGALL was deliberately indifferent.

216.  A reasonable person in McDOUGALL's position would know that his failure to train and supervise subordinates on the requirements to lawfully seize persons and seize or take property reflected deliberate indifference.

217.  A reasonable person in McDOUGALL's position would know that his failure to train and supervise subordinates on the right of privacy guaranteed by the constitution reflected deliberate indifference.

218.  McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, failure to train, or supervise was the moving force behind the seizure or taking of MARTINEZ's vehicle.

219.  McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, failure to train, or supervise was the moving force behind the invasion of MARTINEZ's privacy.

220.  McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, failure to train, or supervise was the moving force behind the unlawful detention of MARTINEZ.

221.  McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, failure to train, or supervise was the moving force behind the unlawful imprisonment of MARTINEZ.

222.  McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, failure to train, or supervise was the moving force behind the unlawful search of MARTINEZ's body.

223.  A reasonable person in McDOUGALL's position would know that his conduct toward his subordinates unlawful search and seizure of persons and search and seizure or taking of property reflected deliberate indifference.

224.  A reasonable person in McDOUGALL's position would know that his conduct toward his subordinates invading persons' in Lee County right of privacy reflected deliberate indifference.

225.   McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, custom, or policy was the moving force behind the seizure or taking of MARTINEZ's vehicle.

226.   McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, custom, or policy was the moving force behind the invasion of MARTINEZ's privacy.

227.   McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, custom, or policy was the moving force behind the unlawful detention of MARTINEZ.

228.   McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, custom, or policy was the moving force behind the unlawful imprisonment of MARTINEZ.

229.   McDOUGALL's conduct was causally related to the constitutional infringement by his subordinates in that his deliberate indifference, custom, or policy was the moving force behind the unlawful search of MARTINEZ's body.

230.   McDOUGALL's own conduct was highly outrageous and arbitrary or conscious shocking in a constitutional sense.

231.   MARTINEZ has engaged the law firm of J. Michael Hussey & Associates and is obligated to pay a reasonable fee for their services.

232.   On January 6, 1997, MARTINEZ gave McDOUGALL his notice of claim against McDOUGALL and his deputies pursuant to Section 768.28(6) of the Florida Statutes (1996).

233.  On January 6, 1997, MARTINEZ gave the Department of Insurance notice of his
claim against McDOUGALL and his deputies pursuant to 768.28(6) of the Florida
Statutes (1996).

234.  MARTINEZ has performed all conditions precedent prior to filing this action.

### COUNT I
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEIZURE - FAILURE TO TRAIN)

235.  MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38,
117 through 121, 126 through 130, 178, 179, 184, 187, 188, 197 through 200,
204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set forth
herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for
damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such
further relief as the court deems just and equitable.

### COUNT II
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEIZURE - FAILURE TO TRAIN)

236.  MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38,
117 through 121, 126 through 130, 179 through 181, 184, 187, 188, 197 through
200, 204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set
forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT III
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEIZURE - CUSTOM OR POLICY)

237.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 178, 179, 184, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT IV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEIZURE - CUSTOM OR POLICY)

238.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 179 through 181, 184, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT V
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
TAKING - FAILURE TO TRAIN)

239.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 180, 181, 185, 187, 188, 197 through 200, 204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT VI
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
TAKING - CUSTOM OR POLICY)

240.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 180, 181, 185, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT VII
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE - FAILURE TO TRAIN)

241.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 157, 177 through 179, 184, 187, 188, 197 through 200, 204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT VIII
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE - FAILURE TO TRAIN)

242.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 157, 177, 179 through 181, 184, 187, 188, 197 through 200, 204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT IX
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE - CUSTOM OR POLICY)

243.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 157, 177 through 179, 184, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT X
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE - CUSTOM OR POLICY)

244.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 179 through 181, 184, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XI
(ALLEN - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE)

245.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13  through 24, 28, 31, 38, 117, 122, 127, 131, 135, 139, 153, 157, 176 through 179, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XII
(ALLEN - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE)

246.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13  through 24, 28, 31, 38, 117, 122, 127, 131, 135, 139, 153, 157, 176, 177, 179 through, 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XIII
(BUISSERETH - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE)

247.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 24, 29, 31, 38, 118, 123, 128, 132, 136, 140, 154, 157, 176 through 179, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XIV
(BUISSERETH - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - UNLAWFUL SEIZURE)

248.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 24, 29, 31, 38, 118, 123, 128, 132, 136, 140, 154, 157, 176, 177, 179 through 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XV
### (TAYLOR - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### CONSPIRACY - UNLAWFUL SEIZURE)

249.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 24, 30, 31, 38, 120, 125, 130, 134, 138, 142, 156, 157, 176 through 179, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against TAYLOR for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XVI
### (TAYLOR - FEDERAL - CIVIL RIGHTS -
### FIFTH AND FOURTEENTH AMENDMENTS -
### CONSPIRACY - UNLAWFUL SEIZURE)

250.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 24, 30, 31, 38, 120, 125, 130, 134, 138, 142, 156, 157, 176, 177, 179 through 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against TAYLOR for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

**COUNT XVII**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - TAKING - FAILURE TO TRAIN)

251.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 157, 177, 180, 181, 185, 187, 188, 197 through 200, 204, 214, 216, 218, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

**COUNT XVIII**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FIFTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - TAKING - CUSTOM OR POLICY)

252.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 157, 177, 180, 181, 185, 187, 188, 197 through 199, 201, 205, 223, 225, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XIX
### (ALLEN - FEDERAL - CIVIL RIGHTS - FIFTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - TAKING)

253.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 24, 28, 31, 38, 117, 122, 127, 131, 135, 139, 153, 157, 176, 177, 180, 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XX
### (BUISSERETH - FEDERAL - CIVIL RIGHTS - FIFTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - TAKING)

254.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 24, 29, 31, 38, 118, 123, 128, 132, 136, 140, 154, 157, 176, 177, 180, 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XXI
### (TAYLOR - FEDERAL - CIVIL RIGHTS - FIFTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - TAKING)

255.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 24, 30, 31, 38, 120, 125, 130, 134, 138, 142, 156, 157, 176, 177, 180, 181, 184, 187, 188, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against TAYLOR for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XXII
### (McDOUGALL - STATE - CONVERSION)

256.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 159, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XXIII
### (McDOUGALL -
### STATE - TRESPASS)

257.  MARTINEZ repeats and realleges the allegations in paragraphs 1 through 26, 31, 38, 117 through 121, 126 through 130, 160, 161, and 231 through 234 of the Complaint as if fully set forth herein.

258.  McDOUGALL, by and through his agents, servants, or employees, willfully entered the Vehicle.

259.  The Vehicle was in MARTINEZ's lawful possession.

260.  McDOUGALL's entering of the Vehicle was without the permission, express or implied, of MARTINEZ or any other person authorized to give that permission.

261.  As a result of McDOUGALL's trespass into the Vehicle, MARTINEZ was damaged.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XXIV
### (ALLEN - STATE -
### CONSPIRACY - CONVERT VEHICLE)

262.  MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 24, 26, 31, 38, 117, 122, 131, 135, 139, 153, 158, 159, 177, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT XXV
### (BUISSERETH - STATE -
### CONSPIRACY - CONVERT VEHICLE)

263.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 24, 26, 31, 38, 118, 123, 132, 136, 140, 154, 158, 159, 177, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT XXVI
### (TAYLOR - STATE -
### CONSPIRACY - CONVERT VEHICLE)

264.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 24, 26, 31, 38, 120, 125, 134, 138, 142, 156, 158, 159, 177, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against TAYLOR for punitive and compensatory damages, together with such further relief as the court deems just and equitable.

## COUNT XXVII
### (McDOUGALL - STATE - CONSPIRACY - CONVERT VEHICLE)

265.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 31, 38, 117 through 121, 126 through 130, 152, 158, 159, 177, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XXVIII
### (ALLEN - STATE - CONSPIRACY - TRESPASS)

266.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 24, 26, 31, 38, 117, 122, 131, 135, 139, 153, 158, 159, 177, 231 through 234, and 258 through 261 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT XXIX
### (BUISSERETH - STATE - CONSPIRACY - TRESPASS)

267.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 24, 26, 31, 38, 118, 123, 132, 136, 140, 154, 160, 161, 177, 231 through 234, and 258 through 261 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

### COUNT XXX
### (TAYLOR - STATE -
### CONSPIRACY - TRESPASS)

268.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 24, 26, 31, 38, 120, 125, 134, 138, 142, 156, 160, 161, 177, 231 through 234, 258 through 261 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against TAYLOR for punitive and compensatory damages, together with such further relief as the court deems just and equitable.

### COUNT XXXI
### (McDOUGALL - STATE -
### CONSPIRACY - TRESPASS)

269.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 26, 31, 38, 117 through 121, 126 through 130, 152, 160, 161, 177, 231 through 234, and 258 through 261 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XXXII
### (McDOUGALL - STATE - DEFAMATION)

270.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 12, 39 through 47, 117 through 121, 126 through 130, and 232 through 234 of the Complaint as if fully set forth herein.

271.   The statement was defamatory.

272.   The statement was false.

273.   The statement identified MARTINEZ as the subject.

274.   As a result of the defamatory statement, MARTINEZ has been damaged.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XXXIII
### (McDOUGALL - FEDERAL - CIVIL RIGHTS - NINTH AND FOURTEENTH AMENDMENTS - INVASION OF PRIVACY- FAILURE TO TRAIN)

275.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 12, 39 through 47, 117 through 121, 126 through 130, 163, 182, 183, 186, 189, 190, 197 through 199, 202, 206, 215, 217, 219, 224, 226, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XXXIV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
NINTH AND FOURTEENTH AMENDMENTS -
INVASION OF PRIVACY - CUSTOM OR POLICY)

276.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 12, 39

through 47, 117 through 121, 126 through 130, 163, 182, 183, 186, 189, 190, 197

through 199, 203, 207, 224, 226, 230 and 231 of the Complaint as if fully set forth

herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

## COUNT XXXV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
NINTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - INVASION OF PRIVACY - FAILURE TO TRAIN)

277.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 12, 39

through 47, 117 through 121, 126 through 130, 152, 162, 163, 177, 182, 183,

186, 189, 190, 197 through 199, 202, 206, 215, 217, 219, 224, 226, 230 and 231

of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

## COUNT XXXVI
### (McDOUGALL - FEDERAL - CIVIL RIGHTS -
### NINTH AND FOURTEENTH AMENDMENTS -
### CONSPIRACY - INVASION OF PRIVACY - CUSTOM OR POLICY)

278.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 12, 39

through 47, 117 through 121, 126 through 130, 152, 162, 163, 177, 182, 183,

186, 189, 190, 197 through 199, 203, 207, 224, 226, 230 and 231 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

## COUNT XXXVII
### (ALLEN - FEDERAL - CIVIL RIGHTS -
### NINTH AND FOURTEENTH AMENDMENTS -
### CONSPIRACY - INVASION OF PRIVACY)

279.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9,

39 through 47, 117, 122, 127, 131, 135, 139, 152, 153, 162, 163, 176, 177, 182,

183, 186, 189, 190, 197 through 199 and 231 of the Complaint as if fully set forth

herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and

compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. §

1988, and such further relief as the court deems just and equitable.

## COUNT XXXVIII
### (BUISSERETH - FEDERAL - CIVIL RIGHTS -
### NINTH AND FOURTEENTH AMENDMENTS -
### CONSPIRACY - INVASION OF PRIVACY)

280.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 39

through 47, 118, 123, 128, 132, 136, 140, 152, 154, 162, 163, 176, 177, 182, 183,

186, 189, 190, 197 through 199 and 231 of the Complaint as if fully set forth

herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for

punitive and compensatory damages, together with costs and attorney's fees pursuant to

42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XXXIX
### (McDOUGALL - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### FALSE ARREST - MURDER - FAILURE TO TRAIN)

281.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32

through 37, 48 through 64, 69 through 73, 75 through 78, 105, 106, 113 through

115, 117 through 121, 126 through 130, 143, 165, 178, 179, 184, 191 through

194, 197 through 200, 208, 214, 216, 220, 223, 227, 230 and 231 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

**COUNT XL**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
FALSE ARREST - MURDER - CUSTOM OR POLICY)

282.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32

through 37, 48 through 64, 69 through 73, 75 through 78, 105, 106, 113 through

115, 117 through 121, 126 through 130, 143, 165, 178, 179, 184, 191 through

194, 197 through 199, 201, 209, 210, 220, 223, 227, 230 and 231 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

**COUNT XLI**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - FALSE ARREST - MURDER - FAILURE TO TRAIN)

283.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32

through 37, 48 through 64, 69 through 73, 75 through 78, 105, 106, 113 through

115, 117 through 121, 126 through 130, 143, 152, 164, 165, 177 through 179,

184, 191 through 194, 197 through 200, 208, 214, 216, 220, 223, 227, 230 and

231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XLII
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - FALSE ARREST - MURDER - CUSTOM OR POLICY)

284.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 64, 69 through 73, 75 through 78, 105, 106, 113 through 115, 117 through 121, 126 through 130, 143, 152, 164, 165, 177 through 179, 184, 191 through 194, 197 through 199, 201, 209, 210, 220, 223, 227, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT XLIII
(McDOUGALL - STATE - FALSE ARREST - MURDER)

285.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 64, 69, 70, 72, 73, 75 through 78, 105, 106, 113 through 115, 117 through 121, 126 through 130, 143, 152, 164, 165, 177 through 179, 184, 191 through 194, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

### COUNT XLIV
### (McDOUGALL - STATE - CONSPIRACY - FALSE ARREST - MURDER)

286.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 64, 69, 70, 72, 73, 75 through 78, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 143, 165, 178, 179, 184, 191 through 194, and 231 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

### COUNT XLV
### (ALLEN - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### FALSE ARREST - MURDER)

287.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 65, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 165, 176, 178, 179, 184, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XLVI
(ALLEN - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENT -
CONSPIRACY - FALSE ARREST - MURDER)

288.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 65, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 153, 164, 165, 176 through 179, 184, 197 through 199 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XLVII
(ALLEN - STATE - FALSE ARREST - MURDER)

289.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 65, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 165, 176, 178, 179, and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

)                                    )

## COUNT XLVIII
### (ALLEN - STATE - CONSPIRACY - FALSE ARREST - MURDER)

290.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9,

13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 65,

69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127,

131, 135, 139, 153, 164 through 166, 176 through 179, and 184 of the Complaint

as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory

damages against ALLEN, together with such further relief as the court deems just and

equitable.

## COUNT XLIX
### (BUISSERETH - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### FALSE ARREST - MURDER)

291.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13

through 19, 32 through 37, 48 through 50, 53, 54, 55, 60 through 64, 66, 69

through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128,

132, 136, 140, 165, 176, 178, 179, 184, 197 through 199, and 231 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for

punitive and compensatory damages, together with costs and attorney's fees pursuant to

42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT L
### (BUISSERETH - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - FALSE ARREST - MURDER)

292.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53, 54, 55, 60 through 64, 66, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 154, 164, 165, 176 through 179, 184, 197 through 199, and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LI
### (BUISSERETH - STATE - FALSE ARREST - MURDER)

293.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53 through 55, 60 through 64, 66, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 165, 176, 178, 179, and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LII
### (BUISSERETH - STATE - CONSPIRACY - FALSE ARREST - MURDER)

294.  MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53, 54, 55, 60 through 64, 66, 69 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 154, 164, 165, 176 through 179, and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LIII
### (McDOUGALL - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - FALSE IMPRISONMENT - FAILURE TO TRAIN - MURDER)

295.  MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 168, 176, 178, 179, 184, 191 through 194, 197 through 200, 208, 210, 214, 216, 220, 221, 223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LIV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
FALSE IMPRISONMENT - CUSTOM OR POLICY - MURDER)

296.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 168, 176, 178, 179, 184, 191 through 194, 197 through 199, 201, 209, 211, 220, 221, 223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - FALSE IMPRISONMENT - FAILURE TO TRAIN - MURDER)

297.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 152, 167, 168, 176 through 179, 184, 191 through 194, 197 through 200, 208, 210, 214, 216, 220, 221, 223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LVI
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
CONSPIRACY - FALSE IMPRISONMENT  - CUSTOM OR POLICY - MURDER)

298.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 152, 167, 168, 176 through 179, 184, 191 through 194, 197 through 199, 201, 209, 211, 220, 221, 223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LVII
(McDOUGALL - STATE - FALSE IMPRISONMENT - MURDER)

299.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 168, 176, 178, 179, 184, and 232 through of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT LVIII
### (McDOUGALL - STATE - CONSPIRACY - FALSE IMPRISONMENT - MURDER)

300.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 51, 54 through 57, 62 through 64, 69, 70, 72, 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117 through 121, 126 through 130, 152, 167, 168, 176 through 179, 184, and 232 through of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT LIX
### (ALLEN - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - FALSE IMPRISONMENT - MURDER)

301.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 168, 176, 178, 179, 184, 191 through 194, 197 through 199, and 231 of the Complaint as if fully set forth herein.

)                                    )

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LX
### (ALLEN - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - FALSE IMPRISONMENT - MURDER)

302.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 153, 167, 168, 176 through 179, 184, 191 through 194, 197 through 199, and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against ALLEN for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LXI
### (ALLEN –STATE - FALSE IMPRISONMENT - MURDER)

303.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 168, 176, 178, 179, and 184 of the Complaint as if fully set forth herein.

J. Michael Hussey & Associates

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT LXII
### (ALLEN - STATE - CONSPIRACY - FALSE IMPRISONMENT - MURDER)

304.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 52, 54, 55, 58, 59, 62 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 153, 167, 168, 176 through 179, and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT LXIII
### (BUISSERETH - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### FALSE IMPRISONMENT - MURDER)

305.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53 through 55, 60 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 168, 176, 178, 179, 184, 191 through 194, 197 through 199, and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LXIV
### (BUISSERETH - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - CONSPIRACY - FALSE IMPRISONMENT - MURDER)

306.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53 through 55, 60 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 154, 167, 168, 176 through 179, 184, 191 through 194, 197 through 199, and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against BUISSERETH for punitive and compensatory damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LXV
### (BUISSERETH - STATE - FALSE IMPRISONMENT - MURDER)

307.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53 through 55, 60 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 168, 176, 178, 179 and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LXVI
### (BUISSERETH - STATE - CONSPIRACY - FALSE IMPRISONMENT - MURDER)

308.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 53 through 55, 60 through 64, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 154, 167, 168, 176 through 179 and 184 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LXVII
### (ALLEN - STATE - MALICIOUS PROSECUTION - MURDER)

309.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 64, 65, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 171, and 176 of the Complaint as if fully set forth herein.

J. Michael Hussey & Associates

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT LXVIII
### (BUISSERETH - STATE -
### MALICIOUS PROSECUTION - MURDER)

310.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 64, 66, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 171, and 176 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LXIX
### (COLLMER - STATE -
### MALICIOUS PROSECUTION- MURDER)

311.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 5, 7, 8, 11, 13 through 19, 32 through 37, 48 through 50, 64, 67, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 119, 124, 129, 133, 137, 141, 171, and 176 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against COLLMER, together with such further relief as the court deems just and equitable.

## COUNT LXXII
### (TAYLOR - STATE -
### MALICIOUS PROSECUTION - MURDER)

312.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 19, 32 through 37, 48 through 50, 64, 68 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 120, 125, 130, 134, 138, 142, 171, and 176 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against TAYLOR, together with such further relief as the court deems just and equitable.

## COUNT LXXIII
### (ALLEN - STATE - CONSPIRACY -
### MALICIOUS PROSECUTION - MURDER)

313.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 32 through 37, 48 through 50, 64, 65, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 117, 122, 127, 131, 135, 139, 153, 170, 171, 176, and 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT LXXIV
### (BUISSERETH - STATE - CONSPIRACY -
### MALICIOUS PROSECUTION - MURDER)

314.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 64, 66, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 118, 123, 128, 132, 136, 140, 154, 170, 171, 176, and 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT LXXV
### (COLLMER - STATE - CONSPIRACY -
### MALICIOUS PROSECUTION - MURDER)

315.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 5, 7, 8, 11, 13 through 19, 32 through 37, 48 through 50, 64, 67, 69, 70 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 119, 124, 129, 133, 137, 141, 155, 170, 171, 176, and 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against COLLMER, together with such further relief as the court deems just and equitable.

## COUNT LXXVIII
### (TAYLOR - STATE - CONSPIRACY -
### MALICIOUS PROSECUTION - MURDER)

316.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 19, 32 through 37, 48 through 50, 64, 68 through 73, 75 through 78, 80, 100, 105, 106, 113 through 115, 120, 125, 130, 134, 138, 142, 156, 170, 171, 176, and 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against TAYLOR, together with such further relief as the court deems just and equitable.

## COUNT LXXIX
### (McDOUGALL - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### UNLAWFUL SEARCH AND SEIZURE - FAILURE TO TRAIN)

317.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 90, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 176, 178, 179, 184, 195 through 200, 212, 214, 216, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXX
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - CUSTOM OR POLICY)

318.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 90, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 143, 176, 178, 179, 184, 195 through 199, 201, 213, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXXI
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - FAILURE TO TRAIN)

319.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 91, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 176, 178, 179, 184, 195 through 200, 212, 214, 216, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXXII
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - CUSTOM OR POLICY)

320.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 91, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 176, 178, 179, 184, 195 through 199, 201, 213, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXXIII
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - FAILURE TO TRAIN)

321.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 92, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 176, 178, 179, 184, 195 through 200, 212, 214, 216, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXXIV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - CUSTOM OR POLICY)

322.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 92, 94, 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 143, 176, 178, 179, 184, 195 through 199, 201, 213, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

### COUNT LXXXV
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
UNLAWFUL SEARCH AND SEIZURE - FAILURE TO TRAIN)

323.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 93 through 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 176, 178, 179, 184, 195 through 200, 212, 214, 216, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LXXXVI
### (McDOUGALL - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - UNLAWFUL SEARCH AND SEIZURE - CUSTOM OR POLICY)

324.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 93 through 95, 100, 113 through 115, 117 through 121, 126 through 130, 140, 143, 176, 178, 179, 184, 195 through 199, 201, 213, 222, 223, and 229 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT LXXXVII
### (McDOUGALL - STATE - ASSAULT)

325.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 2, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 75 through 78, 80 through 100, 105, 106, 113 through 115, 118, 121, 126, 128, 140, 176, 178, 179, 184, and 232 through 234 of the Complaint as if fully set forth herein.

326. On April 22, 1996, McDOUGALL, by and through his agents, servants, or employees, either intended to cause MARTINEZ to fear immediate injury or intended to actually injure MARTINEZ.

327. At all times relevant, McDOUGALL, by and through his agents, servants, or employees, had the present ability to inflict an injury upon MARTINEZ and MARTINEZ reasonably apprehended bodily injury.

328. McDOUGALL's conduct, by and through his agents, servants, or employees, or the circumstances made it appear that bodily injury was imminent.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT LXXXVIII
### (McDOUGALL - STATE - BATTERY - HEAD)

329. MARTINEZ repeats and realleges the allegations in paragraphs 1, 2, 4, 7, 8, 10, 13 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 88, 90, 94 through 100, 105, 106, 113 through 115, 118, 121, 126, 128, 140, 176, 178, 179, 184, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT LXXXIX
### (McDOUGALL –STATE - BATTERY - BLOOD)

330.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 2, 4, 7, 8, 10,

13 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 88, 91, 94

through 100, 105, 106, 113 through 115, 118, 121, 126, 128, 140, 176, 178, 179,

184, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against

McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XC
### (McDOUGALL –STATE - BATTERY - GROIN)

331.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 2, 4, 7, 8, 10,

13 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 88, 92, 94

through 100, 105, 106, 113 through 115, 118, 121, 126, 128, 140, 176, 178, 179,

184, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against

McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XCI
### (McDOUGALL –STATE - BATTERY - SWAB)

332.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 2, 4, 7, 8, 10,

13 through 19, 32 through 37, 48 through 50, 75 through 78, 80, 88, 93 through

100, 105, 106, 113 through 115, 118, 121, 126, 128, 140, 176, 178, 179, 184, and

232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XCII
### (McDOUGALL - STATE - FAILURE TO PROTECT)

333.  MARTINEZ repeats and realleges the allegations in paragraphs 1 through 4, 7, 8, 13 through 19, 32 through 37, 48 through 66, 69, 70, 75 through 78, 80, 100 through 106, 113 through 115, 117, 118, 121, 126 through 128, 176, and 232 through 234 of the Complaint as if fully set forth herein.

334.  McDOUGALL owed MARTINEZ a duty to protect MARTINEZ from harm while in McDOUGALL's custody.

335.  McDOUGALL had knowledge that MARTINEZ was likely to be assaulted or battered by others at the jail.

336.  McDOUGALL failed to follow established procedures designed to prevent inmates from being assaulted or battered by others at the jail.

337.  As a result of McDOUGALL's failure to follow established procedures MARTINEZ was assaulted and battered by others at the jail.

338.  As a result of the assault and battery MARTINEZ sustained injuries.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

**COUNT XCIII**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
FALSE ARREST - FAILURE TO TRAIN - GLADES)

339.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50, 74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 166, 176, 178, 179, 184, 191 through 194, 197 through 200, 208, 214, 216, 220, 223, 227, and 230 through 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

**COUNT XCIV**
(McDOUGALL - FEDERAL - CIVIL RIGHTS -
FOURTH AND FOURTEENTH AMENDMENTS -
FALSE ARREST - CUSTOM OR POLICY - GLADES)

340.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50, 74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 166, 176, 178, 179, 184, 191 through 194, 197 through 199, 201, 209, 220, 223, 227, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XCV
### (McDOUGALL - STATE -
### FALSE ARREST - GLADES)

341.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50,

74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 166, 176, 178,

179, 184, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against

McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XCVI
### (McDOUGALL - FEDERAL - CIVIL RIGHTS -
### FOURTH AND FOURTEENTH AMENDMENTS -
### FALSE IMPRISONMENT - FAILURE TO TRAIN - GLADES)

342.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50,

69, 74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 169, 176,

178, 179, 184, 191 through 194, 197 through 200, 208, 210, 214, 216, 220, 221,

223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for

damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such

further relief as the court deems just and equitable.

## COUNT XCVII
### (McDOUGALL - FEDERAL - CIVIL RIGHTS - FOURTH AND FOURTEENTH AMENDMENTS - FALSE IMPRISONMENT - CUSTOM OR POLICY - GLADES)

343.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50, 69, 74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 169, 176, 178, 179, 184, 191 through 194, 197 through 199, 201, 209, 211, 220, 221, 223, 227, 228, 230 and 231 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment against McDOUGALL for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT XCVIII
### (McDOUGALL - STATE - FALSE IMPRISONMENT - GLADES)

344.   MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 50, 69, 74, 78, 79, 105 through 114, 116 through 121, 126 through 130, 169, 176, 178, 179, 184, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT XCIX
### (McDOUGALL - STATE - INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIP)

345.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 117

through 121, 139 through 151, 174, and 232 through 234 of the Complaint as if

fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against

McDOUGALL, together with such further relief as the court deems just and equitable.

## COUNT C
### (ALLEN - STATE - INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIP)

346.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9,

13 through 19, 117, 122, 131, 135, 139, 143, 144, 146, 149, 151, and 174 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory

damages against ALLEN, together with such further relief as the court deems just and

equitable.

## COUNT CI
### (BUISSERETH - STATE - INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIP)

347.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13

through 19, 118, 123, 132, 136, 140, 143, 144, 147, 150, 151, and 174 of the

Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

### COUNT CII
#### (McDOUGALL - CONSPIRACY - INTERFERENCE
#### WITH ADVANTAGEOUS BUSINESS RELATIONSHIP)

348.    MARTINEZ repeats and realleges the allegations in paragraphs 1 through 19, 117 through 121, 139 through 152, 173, 174, 177, and 232 through 234 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for damages against McDOUGALL, together with such further relief as the court deems just and equitable.

### COUNT CIII
#### (ALLEN –STATE – CONSPIRACY - INTERFERENCE
#### WITH ADVANTAGEOUS BUSINESS RELATIONSHIP)

349.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 19, 117, 122, 131, 135, 139, 143, 144, 146, 149, 151, 153, 173, 174, and 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT CIV
### (BUISSERETH - STATE - CONSPIRACY - INTERFERENCE
### WITH ADVANTAGEOUS BUSINESS RELATIONSHIP)

350.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13

through 19, 118, 123, 132, 136, 140, 143, 144, 147, 150, 151, 154, 173, 174, and

177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory

damages against BUISSERETH, together with such further relief as the court deems just

and equitable.


## COUNT CV
### (BUISSERETH - STATE -
### ABUSE OF PROCESS)

351.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13

through 25, 29, 31 through 37, 48 through 50, 53 through 55, 60 through 64, 66,

69 through 116, 118, 123, 128, 132, 136, 140, 143, 144, 147, 150, 151, 154, and

157 through 177 of the Complaint as if fully set forth herein.

352.    BUISSERETH deliberately and intentionally misused the judicial process to coerce

MARTINEZ to provide information about Rodriguez by:

    (a) arresting MARTINEZ;
    (b) having his body searched for hair, blood, and fluids;
    (c) unlawfully seizing and retaining MARTINEZ's property;
    (d) continuing the detention of MARTINEZ after a "No True Bill" was
        issued;
    (e) conspiring with others to harm MARTINEZ.

353.    The misuse of process occurred after the process issued.

354.    As a result of the abuse of process, MARTINEZ was damaged.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT CVI
### (ALLEN - STATE - INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS)

355.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 26, 28, 31 through 37, 39, 48 through 50, 52, 54, 55, 58, 59, 62 through 65, 69 through 117, 122, 127, 131, 135, 139, 143, 144, 146, 149, 151, 153, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT CVII
### (BUISSERETH - STATE - INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS)

356.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 26, 29, 31 through 37, 39, 48 through 50, 53 through 55, 60 through 64, 66, 69 through 116, 118, 123, 128, 132, 136, 140, 143, 144, 147, 150, 151, 154, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT CVIII
### (COLLMER - STATE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

357.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 5, 7, 8, 11, 13 through 26, 31 through 37, 39, 48 through 50, 64, 67, 69 through 116, 119, 124, 129, 133, 137, 141, 143, 155, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for  punitive and compensatory damages against COLLMER, together with such further relief as the court deems just and equitable.

## COUNT CXI
### (TAYLOR - STATE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

358.   MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 26, 30 through 37, 39, 48 through 50, 64, 68 through 116, 120, 125, 130, 134, 138, 142, 143, 156 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against TAYLOR, together with such further relief as the court deems just and equitable.

## COUNT CXII
### (ALLEN - STATE - CONSPIRACY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

359.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 3, 7 through 9, 13 through 26, 28, 31 through 37, 39, 48 through 50, 52, 54, 55, 58, 59, 62 through 65, 69 through 117, 122, 127, 131, 135, 139, 143, 144, 146, 149, 151, 153, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against ALLEN, together with such further relief as the court deems just and equitable.

## COUNT CXIII
### (BUISSERETH - STATE - CONSPIRACY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

360.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 4, 7, 8, 10, 13 through 26, 29, 31 through 37, 39, 48 through 50, 53 through 55, 60 through 64, 66, 69 through 116, 118, 123, 128, 132, 136, 140, 143, 144, 147, 150, 151, 154, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against BUISSERETH, together with such further relief as the court deems just and equitable.

## COUNT CXIV
### (COLLMER - STATE - CONSPIRACY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

361.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 5, 7, 8, 11, 13 through 26, 31 through 37, 39, 48 through 50, 64, 67, 69 through 116, 119, 124, 129, 133, 137, 141, 143, 155, and 157 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for compensatory and punitive damages against COLLMER, together with such further relief as the court deems just and equitable.

## COUNT CXVII
### (TAYLOR - STATE - CONSPIRACY - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

362.    MARTINEZ repeats and realleges the allegations in paragraphs 1, 6 through 8, 12 through 26, 30 through 37, 39, 48 through 50, 64, 68 through 116, 120, 125, 130, 134, 138, 142, 143, 156 through 177 of the Complaint as if fully set forth herein.

WHEREFORE, MARTINEZ demands judgment for punitive and compensatory damages against TAYLOR, together with such further relief as the court deems just and equitable.

### JURY DEMAND

MARTINEZ demands trial by jury for all issues triable as of right by jury.

                                    J. MICHAEL HUSSEY & ASSOCIATES
                                    Attorneys for Petitioner


                              By _____
                                    J. Michael Hussey, Esquire
                                    Florida Bar No. 305154
                                    Paul E. Liles, Esquire
                                    Florida Bar No. 0921270
                                    P.O. Box 540
                                    Fort Myers, FL  33902-0540
                                    (941) 997-2800
                                    (941) 997-4053 (fax)